THOMAS PATRICK GIBLIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Giblin v. Commissioner
Docket No. 11152-81.
United States Tax Court
T.C. Memo 1983-424; 1983 Tax Ct. Memo LEXIS 353; 46 T.C.M. (CCH) 814; T.C.M. (RIA) 83424; July 25, 1983. Thomas Patrick Giblin, pro se. Mae J. Lew, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $12,417.65 in petitioner's Federal income tax for 1977 and an addition to tax in the amount of $694.63. The only issues for decision are: 1. Whether petitioner had gambling losses within the meaning of section 165(d) [1] equal to his winnings, or in any amount, in 1977; and 2. Wheter petitioner is liable for an addition to tax under section 6653(a). At the time he filed his petition, petitioner was a legal *354 resident of Pawtucket, Rhode Island. On his Federal income tax return for 1977, he reported that he had wages of $810, earned as sexton of a church, and gambling winnings of $13,000; he claimed a deduction for $13,000 for gambling losses. Based on Forms 1099 issued by racetracks, respondent determined that petitioner had gambling winnings of $41,563 in 1977 and determined that his gambling loss deduction was not allowable for lack of substantiation. Petitioner has stipulated that he had racetrack winnings in this larger amount but now contends that he had gambling losses equal to his winnings. In the course of his testimony, petitioner admitted that he is a compulsive gambler, [2] that he is a regular customer of the racetracks, and that in 1977 he wagered heavily, $200 to $300 per race on his frequent trips to the racetracks. He admitted that he was a big winner on some occasions and a big loser on others. He has no records whatever of either his winnings or his losses. His only contention is that, "having spent these many years at the racetrack," he feels that he is "something of an expert witness on the racetrack." As an asserted expert witness, it is his view that "over the *355 long haul there are no betting winners. You may win at times but you end up a loser." From the testimony, it is apparent that petitioner has no idea how much he won or how much he lost at the racetracks in 1977. He may be correct that he lost more than he won in that year. He may also be correct that the trial of this case is a waste of time because he has not, and never will have, any money with which to pay a deficiency. But the issue here is not the odds on collection. The Government has taken that gamble. The burden of proof under section 165(d), which provides that "[l]osses from wagering transactions shall be allowed only to the extent of the gains from *356 such transactions," here rests with petitioner to establish the amount of his losses. , affg. a Memorandum Opinion of this Court; , affg. a Memorandum Opinion of this Court; see . He has failed to carry that burden as well as the burden of showing that his underpayment of tax was not due to negligence within the meaning of section 6653(a). , affg. a Memorandum Opinion of this Court; see , affg. a Memorandum Opinion of this Court. We hold for respondent. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩
2. Petitioner testified: I don't like to be facetious about this but some friends of mine have suggested that I go to Gamblers Anonymous, being a compulsive gambler, shall we say. I thought about that, but frankly I really enjoy the races. I like to be with people and I like to be at the track and, facetiously perhaps, I mentioned to these people that I didn't want to be associated with Gamblers Anonymous because that was just for losers and I guess pride didn't want me to let people know that I was a loser.↩